therefor within a named territory, although his authority may be local as to such territory.

4. INSURANCE, § 455*—*how agent may waive provision of policy requiring proofs of loss.* A condition in an insurance policy requiring insured to furnish proofs of loss as a prerequisite to the liability of insured thereon may be waived by its agent without express words, by conduct inconsistent with an intention to enforce a strict compliance with the condition and which conduct is calculated to lead insured to believe that insurer does not intend to require such compliance.

5. INSURANCE, § 455*—*what constitutes waiver of proof of loss by agent.* In an action to recover on a policy of fire insurance which required as a prerequisite to the liability of insurer thereon that insured furnish proofs of loss within sixty days of such loss, which condition was not complied with, *held* that a waiver was proved where it appeared that when informed of the loss defendant's agent assured plaintiff that he would send a notice to insurer as a result of which insurer would send an adjuster who would adjust the loss, plaintiff being entitled to infer from such assurances that his loss would be promptly adjusted without proof of loss, and that insurer would not insist on such proofs being furnished.

---

## Orr & Lockett Hardware Company, Appellee, v. Charles H. Pattison and Kate Pattison, Appellants.

### Gen. No. 6,113. (Not to be reported in full.)

Appeal from the Circuit Court of Lake county; the Hon. CHARLES H. DONNELLY, Judge, presiding. Heard in this court at the April term, 1915. Affirmed. Opinion filed October 20, 1915.

### Statement of the Case.

Action by the Orr & Lockett Hardware Company, Plaintiff, against Charles H. Pattison and Kate Pattison, defendants, in the Circuit Court of Lake county.

An appeal from the judgment of the Circuit Court of Lake county, dismissing defendants' appeal, which had been taken from the judgment of a justice of the

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

peace, for defendants' failure to comply with the order of the court requiring them to file a new appeal bond. From an order dismissing the appeal for failure to file a new bond, defendants appeal.

Plaintiff recovered a judgment before the justice of the peace. Defendants appealed to the Circuit Court, and filed with the justice a sufficient appeal bond, which the justice accepted and approved, but the bond was lost, or mislaid by the justice, and he therefore failed to return the bond with the other papers and the transcript to the clerk of the Circuit Court as required by the statute.

R. F. FOWLER, for appellants.

H. C. COULSON, for appellee.

MR. JUSTICE NIEHAUS delivered the opinion of the court.

## Abstract of the Decision.

1. JUSTICES OF THE PEACE, § 192*—*when appeal not perfected for want of bond and transcript.* Hurd's Rev. St., ch. 79, art. X, sec. 1 (J. & A. ¶ 6976), providing that where an appeal is taken from the judgment of a justice of the peace or police magistrate the justice or magistrate shall return the appeal bond, with the other papers in the case and the transcript of his docket, to the clerk of the court to which the appeal is taken, clearly contemplates that the appeal bond shall, with the transcript and other papers in the case, be on file in the court to which the appeal is taken, and that the appeal shall not be fully completed until the bond and transcript are so filed.

2. JUSTICES OF THE PEACE, § 174*—*power of Circuit Court to force compliance with statute regulating appeals.* The Circuit Court has power to enforce a compliance with the requirements of the statute on appeals from justices of the peace.

3. JUSTICES OF THE PEACE, § 194*—*when appeal properly dismissed for failure to file new bond.* An order dismissing an appeal from a justice of the peace *held* proper where it appeared that the appeal bond originally filed with the justice was lost, and that appellant

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

failed to comply with an order to file a new bond, such order being reasonable and proper and it being the duty of appellants to comply therewith.

---

## Katherine Dyer, Appellee, v. Jacob Weinstein, Appellant.

### Gen. No. 6,119.     (Not to be reported in full.)

Appeal from the Circuit Court of Peoria county; the Hon. N. E. Worthington, Judge, presiding. Heard in this court at the April term, 1915. Reversed. Opinion filed October 20, 1915. Rehearing denied December 8, 1915.

### Statement of the Case.

Action of replevin by Katherine Dyer, plaintiff, against Jacob Weinstein, defendant, to recover possession of a diamond ring, the value of which was fixed in the affidavit at seventy-five dollars. The ring not being obtained by the writ, its value was sought to be recovered by a count in trover.

There was evidence tending to show that the ring was the property of plaintiff, who was a prostitute, and that the ring was pawned with defendant. There was also evidence tending to show that the ring was pawned by plaintiff's paramour, one Gosnell, with plaintiff's knowledge and consent and that plaintiff in a large measure intrusted Gosnell with her money and property. From a judgment for defendant, plaintiff appeals.

J. B. Wolfenbarger, for appellant.

Clyde Capron, for appellee.

Mr. Justice Niehaus delivered the opinion of the court.